# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDURAIMOV ABDULAZIZ, | Case No. 1:26-cv-00020-KES-EPG-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT |
| v. | |
| TONYA ANDREWS, et al., | |
| Respondents. | (ECF No. 9) |

Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. As Petitioner has been removed from the United States, the undersigned recommends the motion to dismiss be granted and the petition be dismissed as moot.

## I.

## BACKGROUND

On January 5, 2026, Petitioner filed the instant petition for writ of habeas corpus, asserting that his prolonged detention without a bond hearing violates due process. (ECF No. 1.) On January 20, 2026, Petitioner was removed from the United States to Uzbekistan. (ECF No. 9-1.) On March 1, 2026, Respondents filed a motion to dismiss the petition as moot. (ECF No. 9.) To date, no opposition to the motion to dismiss has been filed, and the time for doing so has passed.

///

1

## II.

## DISCUSSION

The jurisdiction of federal courts is limited to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477). In the petition, Petitioner challenges his prolonged immigration detention. On January 20, 2026, Petitioner was removed from the United States (ECF No. 9-1.) Given that Petitioner is no longer in custody, the Court finds that no case or controversy exists and the petition is moot. See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007) (finding habeas petition challenging length of immigration detention moot because "there was no extant controversy for the district court to act upon" when petitioner was subsequently deported, "thereby curing his complaints about the length of his INS detention").

## III.

## RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. Respondents' motion to dismiss (ECF No. 9) be GRANTED; and

2. The petition for writ of habeas corpus be DISMISSED as MOOT.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District

Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 23, 2026**                    /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE